## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | FILED: JUNE 13, 2008 |
| **LABORERS' WELFARE FUND OF THE** | ) | 08CV3423 |
| **HEALTH AND WELFARE DEPARTMENT** | ) | JUDGE SHADUR |
| **OF THE CONSTRUCTION AND GENERAL** | ) | MAGISTRATE JUDGE ASHMAN |
| **LABORERS' DISTRICT COUNCIL OF** | ) | EDA |
| **CHICAGO AND VICINITY, and JAMES S.** | ) | |
| **JORGENSEN, Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | Case No. |
| **v.** | ) | |
| | ) | Judge |
| **JANE J. CASSIDY, individually and d/b/a** | ) | |
| **K 1 SERVICES LLC,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of

the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N.

Carollo and Charles Ingrassia, for their Complaint against Defendant Jane J. Cassidy,

individually and d/b/a K 1 Services LLC, state:

### COUNT I

### (Failure To Submit Reports and/or Pay Employee Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331 and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen is the Administrator of the Funds and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Jane J. Cassidy, individually and d/b/a K 1 Services LLC, ("Defendant") is an Illinois corporation.  The Defendant does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

2

6.    The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Defendant are parties to a collective bargaining agreement, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Defendant which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Defendant to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.    The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Builders' Association of Greater Chicago ("BAC"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Illinois Road Builders Association ("IRBA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

8.    The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Defendant to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Defendant, *inter alia*, identifies the employees covered

3

under the Agreement and the amount of contributions to be remitted to the Funds on behalf of

each covered employee.  Pursuant to the terms of the Agreement and the Funds' respective

Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion

are assessed up to 20 percent liquidated damages plus interest.

9.    The Agreement and the Funds' respective Agreements and Declarations of Trust

require the Defendant to submit its books and records to the Funds on demand for an audit to

determine benefit contribution compliance.

10.    The Agreement obligates the Defendant to obtain and maintain a surety bond to

insure future wages, pension and welfare contributions.

11.    Notwithstanding the obligations imposed by the Agreement and the Funds'

respective Agreements and Declarations of Trust, the Defendant has:

(a)    failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for

the period of March 2008 forward, thereby depriving the Laborers' Pension Fund of

contributions, income and information needed to administer the Fund and jeopardizing the

pension benefits of the participants and beneficiaries;

(b)    failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of

the Health and Welfare Department of the Construction and General Laborers' District Council

of Chicago and Vicinity for the period of March 2008 forward, thereby depriving the Welfare

Fund of contributions, income and information needed to administer the Fund and jeopardizing

the health and welfare benefits of the participants and beneficiaries;

(c)    failed to submit reports and contributions to Laborers' Training Fund for the

period of March 2008 forward, thereby depriving the Laborers' Training Fund of contributions,

4

income and information needed to administer the Fund and jeopardizing the training fund

benefits of the participants and beneficiaries;

  (d) failed to report and pay all contributions owed to one or more of the other

affiliated funds identified above for the period of March 2008 forward, thereby depriving said

fund(s) of contributions, income and information needed to administer said fund(s) and

jeopardizing the benefits of the participants and beneficiaries; and

  (e) failed to obtain and maintain a bond in accordance with the terms of the

Agreement.

  12. The Defendant's failure to submit timely reports and contributions violates

Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

  13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of

the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust

Agreements, and federal common law, the Defendant is liable to the Funds for unpaid

contributions, as well as interest, liquidated damages and accumulated liquidated damages on the

unpaid contributions, audit costs, if any, reasonable attorneys' fees and costs, and such other

legal and equitable relief as the Court deems appropriate.

  WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against

Defendant Jane J. Cassidy, individually and d/b/a K 1 Services LLC, as follows:

  a. ordering the Defendant to submit benefit reports and contributions for the time

period of March 2008 forward, and to submit the Defendant's books and records to an audit upon

demand;

b.       entering judgment in sum certain against Defendant on the amounts due and

owing pursuant to the March 2008 forward reports and contributions, audit if any, including

interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees

and costs;

c.       awarding Plaintiffs any further legal and equitable relief as the Court deems just

and appropriate.

## COUNT II

### (Failure To Submit Reports and Pay Union Dues)

14.     Plaintiffs reallege paragraphs 1 through 11 of Count I.

15.     Pursuant to agreement, the Funds have been duly designated to serve as collection

agents for the Union in that the Funds have been given the authority to collect from employers

union dues which should have been or have been deducted from the wages of covered

employees.  Union dues which are not submitted in a timely fashion are assessed 10 percent

liquidated damages.

16.     Notwithstanding the obligations imposed by the Agreement, the Defendant has

failed to submit union dues reports and dues that were or should have been withheld from the

wages of its employees performing covered work for the period of March 2008 forward, thereby

depriving the Union of income and information necessary to determine dues submission

compliance.

17.     Notwithstanding the obligations imposed by the Agreement, the Defendant also

failed to timely submit union dues reports and pay dues for the months December 2007, January

2008 and February 2008.  As a result, the Defendant owes a total of $26.60 in liquidated damages for untimely submitted union dues reports and dues for those months.

18.    Pursuant to the Agreement and federal common law, the Defendant is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Jane J. Cassidy, individually and d/b/a K 1 Services LLC, ordering the Defendant to submit union dues reports and dues for the period of March 2008 forward as well as ordering the Defendant to pay $26.60 in liquidated damages for untimely submitted dues reports and dues for the months of December 2007, January 2008 and February 2008, together with all liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure To Pay Employee Benefit Contributions)

19.    Plaintiffs reallege paragraphs 1 through 11 of Count I; and paragraphs 16 through 18 of Count II.

20.    Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant has, as shown in a true and accurate copy of the audit conducted of the Defendant for the period of August 27, 2007 through March 31, 2008 attached hereto as <u>Exhibit</u> <u>B</u> with a true and accurate copy of the audit summary sheet attached as <u>Exhibit B-1</u>:

(a)     failed to report and pay contributions in the amount of $5,032.48 owed to Plaintiff Laborers' Pension Fund for the audit period of August 27, 2007 through March 31, 2008, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay contributions in the amount of $7,061.44 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of August 27, 2007 through March 31, 2008, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $194.92 owed to Laborers' Training Fund for the period of August 27, 2007 through March 31, 2008, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $106.32 owed to the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of August 27, 2007 through March 31, 2008, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $70.88 owed to the Chicago Area Independent Contractors' Association ("CAICA"), for the audit period of August 27, 2007 through March 31, 2008, thereby depriving CAICA of contributions, income and

8

information needed to administer the Fund and jeopardizing the benefits of the participants and

beneficiaries; and

(f)     failed to report and pay contributions in the amount of $44.32 owed to Laborers'

Employers' Cooperation and Education Trust ("LECET") for the audit period of August 27, 2007

through March 31, 2008, thereby depriving LECET of contributions, income and information

needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

21.     Pursuant to the terms of the Agreement, the Funds' respective Agreements and

Declarations of Trust, and federal common law, the Defendant is obligated to pay up to 20

percent liquidated damages for all contributions which are not paid in a timely fashion, plus

interest.  Accordingly, the Defendant owes $1,006.50 in liquidated damages and accumulated

liquidated damages to the Pension Fund, $1,412.99 in liquidated damages and accumulated

liquidated damages to the Welfare Fund, $38.98 in liquidated damages to the Training Fund,

$10.63 in liquidated damages to LDCLMCC, $7.09 in liquidated damages to CIACA, and $4.43

in liquidated damages to LECET, plus interest, on the amounts set forth in paragraph 20.

22.     Pursuant to the terms of the Agreement and the Funds' respective Agreements and

Declarations of Trust, the Defendant is obligated to pay the costs of any audit which reveals

unpaid contributions.  The cost of the audit which revealed the above delinquencies was $600.00.

23.     The Defendant's actions in failing to timely submit contributions violates Section

515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

24.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of

the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust

Agreements, and federal common law, the Defendant is liable to the Funds for unpaid

contributions, as well as interest, liquidated damages, accumulated liquidated damages on the unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Jane J. Cassidy, individually and d/b/a K 1 Services LLC, as follows:

     a.     entering judgment in sum certain against the Defendant on the amounts due and owing pursuant to the audit for the period of August 27, 2007 through March 31, 2008, including interest, liquidated damages, accumulated liquidated damages, audit costs, and attorneys' fees and costs; and

     b.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT IV

### (Failure To Pay Union Dues)

26.     Plaintiffs reallege paragraphs 1 through 11 of Count I; paragraphs 16 through 19 of Count II; and paragraphs 20 through 24 of Count III.

27.     Notwithstanding the obligations imposed by the Agreement, the Defendant has failed to withhold and/or report to the Union and forward to the union $807.69 in dues that were deducted or should have been deducted from the wages of its employees for the audit period of August 27, 2007 through March 31, 2008, plus $80.77 in liquidated damages and accumulated liquidated damages on that amount, thereby depriving the Union of income and information.

28.     Pursuant to the Agreement and federal common law, the Defendant is liable to the Funds for the unpaid union dues, as well as liquidated damages on the unpaid dues and on late

paid dues, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and

such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendant Jane J. Cassidy, individually and d/b/a K 1 Services LLC, for the amount of the union

dues owed pursuant to the audit conducted for the period of August 27, 2007 through March 31,

2008, together with all liquidated damages, audit costs, attorneys' fees and costs, and any other

legal and equitable relief as the Court deems appropriate.

June 12, 2008                               Laborers' Pension Fund, et al.

                                            By: _____
                                                 Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS
# DISTRICT COUNCIL OF CHICAGO AND VICINITY

**AFFILIATED WITH THE LABORERS INTERNATIONAL UNION OF NORTH AMERICA**

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

---

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **K1 Sewer Services LLC** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was granted under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act shall automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2006, the minimum wage rate shall be $31.55 per hour.

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 1.75% of gross wages or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. If the Employer contracts or subcontracts any such covered work to any person or proprietor who is not signatory to this Agreement, the Employer shall require such subcontractor to be bound by all the provisions of this Agreement, or the Employer shall maintain daily records of the subcontractor's or its subcontractor's Employees jobsite hours and be liable for payments to the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund, and the Construction and General Laborers' District Council of Chicago and Vicinity Joint Apprentice and Training Trust Fund. The Employer shall further assume the obligations of its subcontractors for prompt payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the employer trustees who shall, together with their successor trustees, carry out the terms and conditions of the trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: **8-27** , 20 **07**

ACCEPTED:

Laborers' Local Union No. **Two**

By: *[signature]* Richard P. Kyknash

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: *[signature]* James P. Connolly, Business Manager

By: *[signature]* Frank Riley, President & Secretary-Treas.

For Office Use Only: _____



3476

**K1 Sewer Services LLC**
(Employer)

EIN No. **84-166 4523**

**Jane J. Cassidy, President**
(Print Name and Title)

*[signature]* Jane J. Cassidy
(Signature)

**628 Centre St.**
(Address)

**Elgin IL 60120**
(City, State and Zip Code)

**708-925-1811 Fx. 847-628-0837**
(Telephone/Telefax)

RECEIVED SEP 05 2007 FIELD DEPT. Rep.



EXHIBIT A

Effective June 1, 2006     WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

5/6/2008

## LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION
### K1 SEWER SERVICES, LLC - #34776

**YEAR: 6/07 to 5/08**

**ADDITIONAL HOURS and/or WORK DUES 6/07 - 5/08**

| S.S.# | Flags | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FRANCIUS, RONALD xxx-xx-6767 | # | Gross $ | - | - | - | $ 33.13 | $ 2,419.93 | - | - | - | - | - | - | - | $ 2,453.06 |
| | | Hours | - | - | - | 1.00 | 73.00 | - | - | - | - | - | - | - | 74.00 |
| MICELE, CARL xxx-xx-9644 | # | Gross $ | - | - | - | - | $ 1,176.80 | $ 2,022.09 | $ 1,508.33 | $ 3,165.83 | $ 2,038.73 | $ 2,320.50 | - | - | $ 12,232.28 |
| | | Hours | - | - | - | - | 35.50 | 61.00 | 45.50 | 95.50 | 61.50 | 70.00 | - | - | 369.00 |
| ZARANTONELLO, TONY xxx-xx-6369 | # | Gross $ | - | - | - | - | $ 563.58 | $ 4,044.24 | $ 1,607.78 | $ 3,679.65 | $ 2,270.78 | $ 1,607.78 | - | - | $ 13,773.81 |
| | | Hours | - | - | - | - | 17.00 | 122.00 | 48.50 | 111.00 | 68.50 | 48.50 | - | - | 415.50 |
| **TOTAL HOURS** | | | - | - | - | 1.00 | 125.50 | 183.00 | 94.00 | 206.50 | 130.00 | 118.50 | - | - | 858.50 |
| **TOTAL GROSS $** | | | $ - | $ - | $ - | $ 33.13 | $ 4,160.31 | $ 6,066.33 | $ 3,116.11 | $ 6,845.48 | $ 4,309.51 | $ 3,928.28 | $ - | $ - | $ 28,459.15 |

**Amount Due To Funds:**

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ 7.97 | $ 1,000.24 | $ 1,458.51 | $ 749.18 | $ 1,645.81 | $ 1,036.10 | $ 944.45 | $ - | $ - | $ 6,842.26 |
| PENSION | | | | 5.68 | 712.84 | 1,039.44 | 533.92 | 1,172.92 | 738.40 | 673.08 | | | 4,876.28 |
| TRAINING | | | | 0.22 | 27.61 | 40.26 | 20.68 | 45.43 | 28.60 | 26.07 | | | 188.87 |
| LECET | | | | 0.05 | 6.28 | 9.15 | 4.70 | 10.33 | 6.50 | 5.93 | | | 42.94 |
| LMCC | | | | 0.12 | 15.06 | 21.96 | 11.28 | 24.78 | 15.60 | 14.22 | | | 103.02 |
| CAICA | | | | 0.08 | 10.04 | 14.64 | 7.52 | 16.52 | 10.40 | 9.48 | | | 68.68 |
| DUES | | | | 0.91 | 114.41 | 166.82 | 85.69 | 188.25 | 118.51 | 108.03 | | | 782.62 |
| TOTAL | $ - | $ - | $ - | $ 15.03 | $ 1,886.48 | $ 2,750.78 | $ 1,412.97 | $ 3,104.04 | $ 1,954.11 | $ 1,781.26 | $ - | $ - | $ 12,904.67 |

**Rates: 6/1/07 to 5/31/08**

| | | | |
|---|---|---|---|
| WELFARE | 7.97 | LMCC | 0.12 |
| PENSION | 5.68 | CAICA | 0.08 |
| TRAINING | 0.22 | DUES | 2.75% |
| LECET | 0.05 | | |



EXHIBIT
B

5/6/2008

**LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION**

**K1 SEWER SERVICES, LLC - #54776**

**UNREPORTED HOURS and/or WORK DUES   6/07 to 5/08**

**YEAR:  6/07  to  5/08**

| S.S. # | Flags # | Type | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BATES, TODD xxx-xx-4355 | | Hours | - | - | - | - | - | - | - | - | - | 27.50 | - | - | 27.50 |
| | | Gross $ | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 911.63 | $ - | $ - | $ 911.63 |

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS | - | - | - | - | - | - | - | - | - | 27.50 | - | - | 27.50 |
| TOTAL GROSS $ | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 911.63 | $ - | $ - | $ 911.63 |

**Amount Due To Funds:**

| | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WELFARE | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 219.18 | $ - | $ - | $ 219.18 |
| PENSION | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 156.20 | $ - | $ - | $ 156.20 |
| TRAINING | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 6.05 | $ - | $ - | $ 6.05 |
| LECET | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.38 | $ - | $ - | $ 1.38 |
| LMCC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.30 | $ - | $ - | $ 3.30 |
| CAICA | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.20 | $ - | $ - | $ 2.20 |
| DUES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 25.07 | $ - | $ - | $ 25.07 |
| TOTAL | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 413.38 | $ - | $ - | $ 413.38 |

| Rates: | 6/1/07 | to | 5/31/08 |
|---|---|---|---|
| WELFARE | 7.97 | LMCC | 0.12 |
| PENSION | 5.68 | CAICA | 0.08 |
| TRAINING | 0.22 | DUES | 2.75% |
| LECET | 0.05 | | |

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## K1 SEWER SERVICES, LLC - #34776

### RICHARD J. WOLF AND COMPANY, INC.

## SUMMARY REPORT TOTAL

|  | ADDITIONAL | UNREPORTED | TOTAL |
|---|---|---|---|
| WELFARE | $ 6,842.26 | $ 219.18 | $ 7,061.44 |
| PENSION | $ 4,876.28 | $ 156.20 | $ 5,032.48 |
| TRAINING | $ 188.87 | $ 6.05 | $ 194.92 |
| LECET | $ 42.94 | $ 1.38 | $ 44.32 |
| LMCC | $ 103.02 | $ 3.30 | $ 106.32 |
| CAICA | $ 68.68 | $ 2.20 | $ 70.88 |
| DUES | $ 782.62 | $ 25.07 | $ 807.69 |
| TOTAL | $ 12,904.67 | $ 413.38 | $ 13,318.05 |

5/6/2008

# LABORERS' DISTRICT COUNCIL OF CHICAGO - CAICA ASSOCIATION

## K1 SEWER SERVICES, LLC - #34776

RICHARD J. WOLF AND COMPANY, INC.

### ** GRAND TOTAL **

| | | |
|---|---|---|
| WELFARE | $ | 7,061.44 |
| PENSION | $ | 5,032.48 |
| TRAINING | $ | 194.92 |
| LECET | $ | 44.32 |
| LMCC | $ | 106.32 |
| CAICA | $ | 70.88 |
| DUES | $ | 807.69 |
| TOTAL | $ | 13,318.05 |

# RICHARD J. WOLF AND COMPANY, INC.

Post Office Box 591
Palos Park, Illinois 60464
(708) 923-0909
Fax (708) 923-0910

® 433

May 6, 2008

Board of Trustees of the Various
Fringe Benefit Funds of the
Laborers Pension & Welfare Funds

RE:   K 1 Sewer Services LLC (34776)

Amount due for services rendered and expenses incurred in connection with
the fringe benefit contribution compliance audit of K 1 Sewer Services LLC,
for the period from August 27, 2007 through March 31, 2008.

Audit Cost        $600.00

RICHARD J. WOLF AND COMPANY, INC.

# LABORERS' PENSION & WELFARE FUNDS

5/12/2008

AUDIT

EMPLOYER  K 1 SEWER SERVICES, LLC  CODE 34776

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | MCIAF | RATE | CAICA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADDITIONAL HOURS 8-27-07 - 3-31-08 | 858.50 | 6,842.26 | 7.97 | 4,876.28 | 5.68 | 188.87 | 0.22 | 782.62 | 103.02 | 0.12 | | | 68.68 | 0.08 | 42.94 | 0.05 | | | 12,904.67 |
| MEN NOT REPORTED 8-27-07 - 3-31-08 | 27.50 | 219.18 | 7.97 | 156.20 | 5.68 | 6.05 | 0.22 | 25.07 | 3.30 | 0.12 | | | 2.20 | 0.08 | 1.38 | 0.05 | | | 413.38 |
| SUBTOTAL | 886.00 | 7,061.44 | | 5,032.48 | | 194.92 | | 807.69 | 106.32 | | | | 70.88 | | 44.32 | | | | 13,318.05 |
| 10% PENALTIES | | 1,412.29 | | 1,006.50 | | 38.98 | | 80.77 | 10.63 | | | | 7.09 | | 4.43 | | | | 102.05 |
| 20% PENALTIES | | | | | | | | | | | | | | | | | | | 2,457.74 |
| AUDIT COSTS | | 300.00 | | 300.00 | | | | | | | | | | | | | | | 600.00 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | | | | | | | 26.60 | | | | | | | | | | | 26.60 |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | |
| TOTAL DUE | | 8,773.73 | | 6,338.98 | | 233.90 | | 915.06 | 116.95 | | | | 77.97 | | 48.75 | | | | 16,505.3 |



EXHIBIT
B-1